IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL TREMAINE SCHEXNAYDER, §
    Petitioner,  §
        §
v.         §  Civil Action No. 4:18-CV-351-Y
        §
BILL WAYBOURN, Sheriff,  §
Tarrant County, Texas,   §
    Respondent.   §

**OPINION AND ORDER**

  Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Michael Tremaine Schexnayder, a pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed on exhaustion grounds.

**I. Factual and Procedural History**

  Petitioner has been indicted in Tarrant County, Texas, Case Nos. 1530445D, 1533262D, and 1533266D, for aggravated sexual assault of a child and robbery and is awaiting trial. (Resp't's Reply 2 & Apps. A-C, doc. 10.) In this federal petition, Petitioner claims, among other things, that he is being unlawfully confined and deprived of his rights under so-called sovereign-citizen theories. (Pet. 5-7, doc. 1.[1])

---

[1] The petition is not paginated; thus, the pagination in the ECF header is used.

## II. Discussion

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied,* 484 U.S. 956 (1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, to exhaust, a petitioner must first fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[2] or postconviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d

---

[2] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. arts. 11.07-11.09 (West 2005 & Supp. 2013).

2

at 432. *See also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner presents no evidence that he has exhausted his state-court remedies in the Texas Court of Criminal Appeals and makes no showing of exceptional circumstances. He has filed various inmate grievances and a "Motion for Remedy, Cure and Maintenance" in the state trial court, to no avail. (Pet. 15-18, doc. 1; Resp't's Reply, Apps. L & M, doc. 10.) However, he has yet to present his claims in a procedurally proper manner to the Texas Court of Criminal Appeals.[3] Thus, federal court interference in the normal functioning of the state's criminal processes is not warranted. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Texas has adequate and effective state procedures for review of Petitioner's claims in the event he is convicted of the present

---

[3]The Tarrant County District Clerk's Office confirmed via email communication that to date petitioner has filed no preconviction writ for habeas-relief in state court.

3

charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

In summary, Petitioner has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this Court is not authorized. *See Braden*, 410 U.S. at 493. After the state proceedings are concluded, federal habeas proceedings can be instituted by Petitioner after he has exhausted his state remedies. This petition should be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded. Under the circumstances, dismissal is appropriate. *See Deters*, 985 F.2d at 797.

### III. Conclusion

For failure to exhaust state-court remedies, the Court DISMISSES WITHOUT PREJUDICE Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas

relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED February 28, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE